IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 06-04002-CR-C-NKL |
| ) | |
| RODNEY KEITH RODEBAUGH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court are Defendant Frederick William Weddington's Motion for Judgment of Acquittal [Doc. # 662], Defendant Bruce Allen Johnson's Motions for Judgment of Acquittal, Motion for Arrest of Judgment and Motion for New Trial [Docs. # 626, # 627, # 666], Defendant Eugene Rodney Rodebaugh's Motion for New Trial [Doc. # 665], and Defendant Douglas Eugene Comstock, Jr.'s Motions for Judgment of Acquittal [Docs. # 628, # 629, # 630]. Defendants' motions are denied.

**I.  Standards**

This Court must enter a judgment of acquittal if the evidence presented at trial is insufficient to sustain a conviction. *See United States v. Boesen*, 491 F.3d 852, 855 (8th Cir. 2007) (citing Fed. R. Crim. P. 29(a)). "A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *Id*. (quoting *United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir. 2006)). Thus, the court "views the entire record in the light most favorable to the government, resolves all

1

evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *Id.* at 856 (citing *United States v. Water*, 413 F.3d 812, 816 (8th Cir. 2005); *United States v. Ellefson*, 419 F.3d 859, 862 (8th Cir. 2005)). Under this standard, evidence supporting a conviction is sufficient "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Weston*, 4 F.3d 672, 674 (8th Cir. 1993).

Moreover, this Court has discretion in deciding whether to grant a new trial for insufficient evidence. *See United States v. Smart*, 501 F.3d 862, ___ (8th Cir. 2007) (citing *United States v. Hilliard*, 392 F.3d 981, 987 (8th Cir. 2004)). "The court may grant a new trial motion where it finds that the verdict is 'contrary to the weight of the evidence' . . . where the evidence presented weighs heavily enough against the verdict that the court believes a 'miscarriage of justice may have occurred.'" *Id.* (quoting *Hilliard*, 392 F.3d at 986-87). Although in considering a new trial motion, the Court may evaluate the evidence and the credibility of witnesses, the Court's authority should be exercised "sparingly and with caution." *Id.* (citing *Hilliard*, 392 F.3d at 987; *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002)).

**II.    Discussion**

   *A.    Frederick William Weddington*

Weddington argues that there was insufficient evidence to convict him on Count 13, use of a communications facility in facilitation of a drug conspiracy. The instruction presented by the Court read:

   One:    the defendant knowingly used a "communications facility"; and

   Two:    the defendant did so with the intent to facilitate the commission of the offense of conspiracy to distribute or possess with the intent to distribute marijuana.

2

Weddington asserts that the evidence was based entirely on a telephone call in which the government maintains "code words" were substituted for marijuana. Weddington contends that he presented substantial evidence that the alleged "code words" used during the phone call had innocent/innocuous meanings.

The evidence produced at trial was that Weddington and co-Defendant Rodney Keith Rodebaugh spoke over the telephone on June 15, 2005. During that conversation, Weddington asked, "Hey uh, is those the same as what . . . same kind of oil what I did before?" Keith Rodebaugh replied, "I don't think so." Weddington then stated, "Oh, no shit. Oh well, I need five anyway." In response, Keith Rodebaugh explained, "No they're Avon tires man. I think is what they got over there now. Avon and them fuckin' other ones . . . bad ass Dunlop." Special Agent Steve Mattas testified that, in his opinion, the reference to oil was code for marijuana. Two government witnesses also testified that Keith Rodebaugh frequently used "tires" as code for marijuana. On the stand, Weddington denied the conversation was drug related, but could not explain why Keith Rodebaugh shifted the conversation from oil to tires.

The Eighth Circuit has consistently held that "[l]aw enforcement officers may testify as experts concerning the modus operandi of drug dealers as such activities are not something with which most jurors would be familiar. Significantly, we have held experts may help the jury with the meaning of jargon and code words." *United States v. Placensia*, 352 F.3d 1157, 1164 (8th Cir. 2003) (citing *United States v. Delpit*, 94 F.3d 1134, 1145 (8th Cir. 1996)). This is because "[t]here is no more reason to expect unassisted jurors to understand drug dealers' cryptic slang than antitrust theory or asbestosis." *Delpit*, 94 F.3d at 1145; *see also United States v. Brown*, 110 F.3d 605, 610 (8th Cir. 1997) (stating "a court can allow opinion testimony if the expert's specialized knowledge

3

is helpful to the jury to understand the evidence or determine a fact in issue, even if the opinion embraces an ultimate issue to be decided by the jury"). To the extent Weddington's argument is that Special Agent Mattas was unqualified to give expert opinion testimony regarding the use of drug slang, that argument is without merit.

Weddington's real claim appears to be that a reasonable jury would not have believed Special Agent Mattas or the two government witnesses. In support, he cites to *United States v. Jones*, 545 F.2d 1112 (8th Cir. 1976), for the proposition that "[e]vidence must do more than merely raise suspicion or possibility of guilt. Surmise cannot be permitted in a criminal case." *Id.* at 115. In his reply brief, Weddington explains, "We know (or should reasonably believe) that the government's witnesses' testimony, especially that of the cooperating witnesses, was inherently unbelievable and unreliable because Weddington was acquitted of all other charges for which the government's witness implicated Weddington." However, credibility assessments are for the factfinder. *See United States v. Annis*, 446 F.3d 852, 856 n.2 (8th Cir. 2006); *see also Estate of Davis v. Delo*, 115 F.3d 1388, 1394 (8th Cir. 1997) ("Credibility determinations are uniquely within the province of the trier of fact."). The factfinder "is free to believe all, some, or none of a witness's testimony." *United States v. Moore*, 212 F.3d 441, 446 (8th Cir. 2000); *see also United States v. Candie*, 974 F.2d 61, 65 (8th Cir. 1992) (noting factfinder who assesses witness credibility is free to believe all, some, or none of witness's testimony). Thus, the Court will not disturb the jury's findings just because they may have chosen to believe only some of the government witnesses' testimony.

In the end, the jury did not find Weddington's testimony credible, which was within its right as factfinder. *See United States v. Wright*, 428 F.2d 445, 446 (8th Cir. 1970) ("It is for the fact

4

finder, here the jury, to determine the credibility of the witnesses and the weight of the evidence."). Determining credibility and weighing the evidence is different than merely raising suspicion or the possibility of guilt; it goes to the heart of the jury's role as factfinder. Reviewing the entire record in the light most favorable to the government and accepting all reasonable inferences supporting the jury's verdict, this Court holds a reasonable jury could interpret the substantial evidence to find the essential elements of the crime beyond a reasonable doubt. Thus, Weddington's motion for acquittal is denied.

     *B.     Bruce Allen Johnson*

Johnson contends there was insufficient evidence to convict him on Count 37, and moves for judgment of acquittal. Additionally, Johnson moves for arrest of judgment because Count 37 failed to allege any drug possession offense or drug distribution offense which was facilitated by the use of a telephone, and he also moves for a new trial because of insufficient evidence, the Court's failure to sever the trial, the Court's failure to direct production of witness statements, and the Court's permitting Special Agent Mattas's opinion testimony.

A motion in arrest of judgment "must be based upon failure of the indictment to charge an offense or upon a finding that the court was without jurisdiction of the offense." *United States v. Whitted*, 454 F.2d 642, 646 (8th Cir. 1972). In support of his motion, Johnson reiterates the arguments stated in his motion for bill of particulars [Doc. # 416]. Thus, this Court sustains its August 8, 2007 Order [Doc. # 521] denying Johnson's motion for bill of particulars because the indictment was sufficient on its face. *See United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993). Johnson's motion for arrest of judgment is denied.

5

The crime of using a communication facility to facilitate the commission of another controlled substance offense, as charged in Count 37, has two elements:

One: the defendant knowingly used a "communication facility"; and

Two: the defendant did so with the intent to facilitate the commission of the offenses of distribution or possession with the intent to distribute marijuana.

The evidence produced at trial was that on June 10, 2005, Johnson called Rodney Keith Rodebaugh and asked if he was going to be home. Keith Rodebaugh answered, "Ah, shh, yeah, I'm here. I mean it'd take ya . . .I'll have ta have someone fuckin' get those parts over here for ya, you know what I'm sayin'?" Johnson asked, "Is that something you can do right now?" Keith Rodebaugh explained it would take some time, and Johnson stated he had an hour. Keith Rodebaugh then said, "I gotta call . . . let me call somebody real quick." At that point, Keith Rodebaugh called Ben Cavin using a Nextel phone, learning that Cavin was going to his boss's home "off Clark Street." He told Cavin, "Uh, bring me a couple packs of cigarettes, I'll meet you over there." After finishing his conversation with Cavin, Keith Rodebaugh told Johnson, "Come on dude."

At trial, government witnesses identified "parts" and "cigarettes" as code for marijuana. Cavin testified he delivered marijuana to Johnson on prior occasions. Because proof of the underlying offense need only be shown by a preponderance of the evidence, viewing the evidence in the light most favorable to the verdict, a reasonable jury could find that Johnson knowingly or intentionally used a telephone to facilitate the commission of a drug offense. *See United States v. Mims*, 812 F.2d 1068, 1077 (8th Cir. 1987); *see also United States v. Kozinski*, 16 F.3d 795, 807 (7th Cir. 1994) ("Under the clear terms of [§ 843(b)] a person who uses a telephone to assist the distribution of cocaine, and then consumes the cocaine is as culpable as the one who uses the telephone to assist the distribution, and then gives the cocaine to another to consume."). In

considering the evidence and the testimony, the jury was free to determine credibility of witnesses and weigh the evidence in reaching its decision. *See Wright*, 428 F.2d at 446. As a result, the Court holds the jury could have found the essential elements of the crime beyond a reasonable doubt and denies Johnson's motion of acquittal based on insufficiency of the evidence.

Next, Johnson asserts that he should be afforded a new trial because the Court denied his motion for severance. The Court already addressed and denied Johnson's previous severance motion in its August 8, 2007 Order. For the same reasons stated in the August 8 Order, the Court denies Johnson's motion for a new trial based on a failure to sever. *See Zafiro v. United States*, 506 U.S. 534, 537, 539 (1993) (stating federal rules preference for joint trials and explaining severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment"); *United States v. Jones*, 880 F.2d 55, 62-63 (8th Cir. 1989) ("In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." (quoting *Untied States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988)).

Additionally, Johnson argues that the Court erred by refusing to direct the government to produce witness statements pursuant to 18 U.S.C. § 3500. The government responds that Johnson was provided with all witness statements "well before trial commenced." Johnson does not respond to this claim in his reply. Therefore, because the government states it provided the witness statements, and this claim is unrefuted by Johnson in his reply, the Court denies as moot Johnson's motion for a new trial for failure to direct the government to produce witness statements.

Finally, Johnson claims he is entitled to a new trial because the Court erred in permitting Special Agent Mattas to testify regarding the interpretation of certain words and phrases. To the

7

extent this argument is based on Special Agent Mattas's ability to testify about drug jargon, the Court has already addressed this issue. *See Placensia*, 352 F.3d at 1164; *Delpit*, 94 F.3d at 1145. Johnson also alleges the government did not provide a report or summary of Special Agent Mattas's testimony in accordance with Federal Rule of Criminal Procedure 16(a)(1)(G). The government responds that it did comply with Rule 16's requirements by filing a written notice advising that Special Agent Mattas would be called as an expert witness on the issue of "techniques, methods and practices of drug traffickers, including coded language and terminology used in conversations" [Doc. # 548]. It also "granted liberal access to discovery," including Mattas's ten-day reports setting forth numerous intercepted telephone calls and his interpretation of those calls. The Eighth Circuit has held "that it is not an abuse of a district court's discretion to permit an officer to testify as an expert, particularly in narcotics cases, even if Rule 16 has not been fully complied with." *United States v. Shepard*, 462 F.3d 847, 866 (8th Cir. 2006) (citing *United States v. Londondio*, 420 F.3d 777, 788-89 (8th Cir. 2005)). As explained above, Johnson was clearly aware that Special Agent Mattas was going to testify at trial and what the nature of that testimony would be. *See id.* Thus, Johnson has failed to show any prejudice from this alleged lack of notice, and the Court denies his motion for a new trial based on a failure to provide Rule 16(a)(1)(G) notice. *See id.* (citing *United States v. Anderson*, 446 F.3d 870, 875-76 (8th Cir. 2006)).

  C. *Eugene Rodney Rodebaugh*

Eugene Rodebaugh moves for a new trial based on insufficient evidence on Counts 1, 10, 16 and 20. He also asserts he should be given a new trial because the Court erroneously admitted Special Agent Mattas's expert testimony interpreting certain telephone calls. Count 1 involved a conspiracy to distribute 50 kilograms or more of marijuana, which includes the following elements:

1) the existence of a conspiracy, including an agreement to distribute controlled substances;

2) that the defendant knew of the conspiracy; and

3) that the defendant intentionally joined the conspiracy.

*See United States v. Rodriguez-Mendez*, 336 F.3d 692, 695 (8th Cir. 2003) (citing *United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998)). "Upon the conspiracy being established any evidence connecting the defendant with the conspiracy is sufficient to prove the defendant's involvement." *Id.* (citing *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995)). Witness testimony can provide sufficient evidence establishing the existence of a conspiracy. *See United States v. Roulette*, 75 F.3d 418, 424 (8th Cir. 1996); *see also United States v. Maggard*, 156 F.3d 843, 847 (8th Cir. 1998). Counts 10 and 16 involved use of a communication facility to facilitate the commission of another controlled substance offense, the elements of which the Court has already outlined. Count 20, possession with intent to distribute marijuana, has three elements: (1) defendant was in possession of marijuana; (2) defendant knew that he was in possession of marijuana; and (3) defendant intended to distribute some or all of the marijuana to another person.

Substantial evidence produced at trial established Rodney Keith Rodebaugh—Eugene Rodebaugh's son—was intricately involved in the drug conspiracy. Cooperating government witnesses testified that Keith Rodebaugh obtained marijuana from Juan Aguilar and stored the marijuana at a farm owned by Shawn Reno. The cooperating witnesses also testified that Keith Rodebaugh provided distribution quantities of marijuana to various people in the Jefferson City area. Wiretap surveillance evidence demonstrated the drug relationship between Keith Rodebaugh and Aguilar, as well as the participation of others in the conspiracy. Moreover, officers recovered $14,000 from two people stopped after leaving Keith Rodebaugh's residence. Benjamin Cavin,

9

stopped while transporting 66 pounds of marijuana, agreed to cooperate with the government and telephoned Keith Rodebaugh, who took possession of the truck containing the marijuana.

There was also substantial evidence connecting Eugene Rodebaugh with the conspiracy. David Latham and Craig Wansing testified that Eugene Rodebaugh stored marijuana at his residence for Keith Rodebaugh. Wiretap surveillance revealed drug-related telephone calls between Eugene Rodebaugh and Keith Rodebaugh. In a June 13, 2005, telephone call, Eugene Rodebaugh asked Keith Rodebaugh, "If you can, keep me back one of those sets of tools." In a July 11, 2005, telephone call, Eugene Rodebaugh told Keith Rodebaugh, "Hey, when dude brought them parts over, he brought two. You know that?" Government witnesses testified that "parts" was code for marijuana. This call followed a meeting where officers observed Eugene Rodebaugh take possession of a box from an individual involved in marijuana distribution. Additionally, on July 29, 2005, officers executed a search warrant and found approximately nine ounces of marijuana in Eugene Rodebaugh's refrigerator. Special Agent Mattas testified that quantities of marijuana exceeding one ounce are generally consistent with distribution quantities. In a post-*Miranda* statement, Eugene Rodebaugh claimed that he bought marijuana for personal use, .5 to one ounce quantities. Eugene Rodebaugh explained the marijuana in the refrigerator was not his, although he admitted his fingerprints would likely be on the package.

Evaluating the evidence and the witnesses' credibility, this Court finds that the jury's verdict is not contrary to the weight of the evidence and that the evidence presented does not weigh heavily enough against the verdict that there was a miscarriage of justice. There is substantial evidence that Eugene Rodebaugh was involved in the conspiracy and possessed marijuana with the intent to distribute.

10

Finally, Eugene Rodebaugh claims the Court erred in admitting Special Agent Mattas's expert opinion testimony regarding the interpretation of telephone calls. The Court has addressed this argument above, holding it is appropriate for law enforcement officers to testify as experts on drug jargon and code. *See Placensia*, 352 F.3d at 1164; *Delpit*, 94 F.3d at 1145. Therefore, the Court denies Eugene Rodebaugh's motion for a new trial.

        D.      *Douglas Eugene Comstock, Jr.*

Comstock moves for acquittal based on insufficiency of the evidence. He was convicted of conspiracy to distribute marijuana (Count 1), use of a communication facility to facilitate the commission of another controlled substance offense (Counts 11 and 45), and possession with intent to distribute marijuana (Count 19), the elements of which have been outlined above. Having reviewed the record, the Court finds there was substantial evidence supporting the jury's verdict, including: phone calls between Comstock and Keith Rodebaugh, including a June 14, 2005, call using the word "parts" as code for marijuana (as interpreted by Special Agent Mattas); drugs and drug-related materials recovered as the result of a search warrant at a residence where Comstock was found in his pajamas; and testimony of government witnesses that Comstock associated with Keith Rodebaugh, had a drug relationship with Keith Rodebaugh, and routinely acquired distribution quantities of marijuana from Keith Rodebaugh in exchange for money. Viewing the entire record in the light most favorable to the government and accepting all reasonable inferences supporting the jury's verdict, the Court finds a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. Comstock's motions for acquittal are denied.

**III.    Conclusion**

Accordingly, it is hereby

ORDERED that Defendant Frederick William Weddington's Motion for Judgment of Acquittal [Doc. # 662] is DENIED. It is further

ORDERED that Defendant Bruce Allen Johnson's Motions for Judgment of Acquittal, Motion for Arrest of Judgment and Motion for New Trial [Docs. # 626, # 627, # 666] are DENIED. It is further

ORDERED that Defendant Eugene Rodney Rodebaugh's Motion for New Trial [Doc. # 665] is DENIED. It is further

ORDERED that Defendant Douglas Eugene Comstock, Jr.'s Motions for Judgment of Acquittal [Docs. # 628, # 629, # 630] are DENIED.

                                              s/ Nanette K. Laughrey
                                              NANETTE K. LAUGHREY
                                              United States District Judge

Dated: <u>November 13, 2007</u>
Jefferson City, Missouri